**NOT RECOMMENDED FOR PUBLICATION**

No. 23-1080

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Jul 29, 2024
KELLY L. STEPHENS, Clerk

KIMBERLY GRECH, )
)
    Plaintiff-Appellant, ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR
v. ) THE EASTERN DISTRICT OF
) MICHIGAN
FORD MOTOR COMPANY, )
)
    Defendant-Appellee. )

O R D E R

Before:  SUTTON, Chief Judge; McKEAGUE and MATHIS, Circuit Judges.

Kimberly Grech, a Michigan resident proceeding pro se, appeals the district court's order striking her motion for immediate injunctive relief.  The defendant, Ford Motor Company, moves to dismiss Grech's appeal.  Grech moves for a telephonic hearing, to seal her case, for the immediate grant of her motion for injunctive relief, to strike Ford's motion to dismiss, and for a restraining order against Ford and various individuals and entities.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).  For the following reasons, we affirm the district court's order, deny as moot Ford's motion to dismiss and Grech's motion to strike that motion, and deny Grech's other pending motions.

In 2008, Grech sued Ford, her former employer, alleging that it violated her rights under the Americans with Disabilities Act, the Employee Retirement Income Security Act (ERISA), the Family and Medical Leave Act, Title VII of the Civil Rights Act of 1964, and the Rehabilitation Act.  Grech alleged that Ford violated her rights under the statutes in various ways, including not reasonably accommodating her; terminating her employment based on her disability; engaging in

harassment, discrimination, and retaliation; and improperly administering her benefits.  She sought monetary, declaratory, and injunctive relief.

In 2009, the district court granted Ford's motion for judgment on the administrative record as to Grech's ERISA claim, and the court granted Ford's motion to dismiss the other claims based on Grech's failure to participate in discovery.  We dismissed Grech's appeal based on the parties' stipulation.

In 2022, Grech moved for an immediate injunction sealing her case, preventing Ford and others from harassing her, and ordering Ford to pay her full pension and retirement benefits.  Grech also separately moved to seal her case.  The district court ordered Grech to show cause as to why her motion for injunctive relief should not be struck given that her case was closed.  Grech responded, but the district court struck her motion for immediate injunctive relief, concluding that she failed to establish a valid basis for reopening the case.  The court denied Grech's motion to seal the case and her motion to reconsider that decision.

On appeal, Grech argues that the district court erred by striking her motion for injunctive relief.  To the extent that Grech's appeal is properly construed as a mandamus petition, she must show that she has a clear and indisputable right to issuance of the writ.  *See United States v. Young*, 424 F.3d 499, 504 (6th Cir. 2005); *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (explaining that an appellate challenge to a court's refusal to accept certain filings will be construed as a mandamus petition); *see also In re Johnson*, No. 18-3492, 2018 WL 11303641, at *1 (6th Cir. July 16, 2018) (order).  To the extent that Grech's motion for injunctive relief sought to reopen her case, it was effectively a Federal Rule of Civil Procedure 60(b)(6) motion because it was made over 12 years after her case was resolved in the district court, the court's judgment has not been discharged and is not void or based on an earlier judgment that has been reversed, and the dismissal of her complaint is not the type of prospective judgment that may be challenged under Rule 60(b)(5).  *See* Fed. R. Civ. P. 59(e) (providing 28 days to file a motion to alter or amend a judgment); Fed. R. Civ. P. 60(b)-(c)(1); *Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 355 F.3d 574, 587 (6th Cir. 2004).  We review the denial of a Rule 60(b) motion for an abuse of

discretion. *Penney v. United States*, 870 F.3d 459, 461 (6th Cir. 2017). Rule 60(b)(6) provides for relief only when there is an "exceptional or extraordinary circumstance which are not addressed by the first five numbered clauses of" Rule 60(b). *Id.*

The district court did not err by striking Grech's motion for injunctive relief. In her motion and response to the order to show cause, Grech reasserted claims that she raised in her original suit and argued that various individuals and entities associated with her case, including the magistrate judge and district judge, conspired against her and otherwise harassed her and engaged in misconduct. Nothing in Grech's filings showed that she was clearly and indisputably entitled to the injunctive relief that she sought. Nor did Grech establish that her case involved an unusual and extreme situation where principles of equity mandated relief under Rule 60(b)(6). *See Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015).

Accordingly, we **AFFIRM** the district court's order, **DENY** as moot Ford's motion to dismiss and Grech's motion to strike the motion to dismiss, and **DENY** Grech's other pending motions.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk